UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

v.

SJV INVESTMENTS AND STEVEN
    VILLNEFF

    Defendants.
_____/

Case No. 16-cv-12271

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [13]

## I. Introduction

This action arises from J & J Sports Productions, Inc.'s ("Plaintiff") allegation that Defendants SJV Investments, LLC and Steven Villneff violated federal law by illegally broadcasting a boxing match at Super Sports Bar in Ecorse, Michigan. Defendants failed to defend or otherwise appear in this action. Pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* Dkt. No. 13. The Court scheduled a hearing on January 17, 2017, at 2:00PM. The Defendants failed to oppose the motion or appear for the hearing. For the following reasons, the Court will **GRANT** Plaintiff's Motion.

## II. Facts

This case was filed on June 20, 2016 against SJV Investments, LLC and Steven Villneff. Dkt. No. 1. SJV Investments was served on July 6, 2016. Defendant Villneff proved to be more difficult to serve. On August 3, 2016, this Court granted Plaintiff's Motion for Alternate Service. Dkt. No. 7. The Court ordered the Plaintiff to serve Defendant Villneff by: (1) publishing in the Detroit Legal News for three consecutive weeks; (2) sending process via registered mail to Defendant Villneff's last known address; and (3) posting the Summons and Complaint. *Id.* Plaintiff executed service on Defendant Villneff, consistently with the Court's Order, on August 25, 2016. Dkt. No. 8.

Pursuant to Federal Rule of Civil Procedure 12, Defendants had twenty-one days to file an answer or responsive pleading. Both Defendants failed to meet this deadline. On November 28, 2016, the Clerk of Court for the Eastern District of Michigan entered default as to both Defendants. Dkt. Nos. 11, 12. That same day, Plaintiff moved for Default Judgment. Dkt. No. 13. Pursuant to LR 7.1(e)(1)(B), Defendants had twenty-one days to file a response. Defendants failed to meet this deadline.

This case arose after a September 14, 2013 Middleweight Championship boxing match between Floyd "Money" Mayweather Jr. and Saul "Canelo" Alvarez. Dkt. No. 1, p. 3 (Pg. ID 3). Plaintiff, J & J Sports Productions, Inc., paid for the

exclusive, closed-circuit, television distribution rights to the match between Mayweather and Alvarez. Pursuant to contract, Plaintiff entered into pay-per-view sublicensing agreements throughout the nation, Michigan included. *Id.*, p. 4 (Pg. ID 4).

According to the Plaintiff, Defendants unlawfully intercepted and displayed the boxing match at Super Sports Bar, located at 337 Southfield Road in Ecorse[1], Michigan. *Id.*, pp. 4–5 (Pg. ID 4–5). In the pending Motion for Default Judgment, Plaintiff claims $4,200 in damages for the cost of the program if the defendants had legally purchased it and $3,049.15 in attorney fees and costs. Dkt. No. 13, p. 3 (Pg. ID 50).

### III. Legal Standard for Default Judgment

"[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 693 (1st Cir. 1993)). "There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law." *Id.* "The power to enter default judgment … conclusively establishes every factual predicate of a claim for relief." *Id.*

---

[1] Ecorse is located in Wayne County, Michigan.

However, "[a] default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). "Ordinarily, the District Court must hold "an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Id.* (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). "Therefore, even if [the defaulting party] is bound on the issue of liability, it still has the opportunity to respond to the issue of damages." *Id.*

### IV. Establishment of Liability

This action was brought under the Communications Act of 1934 (47 U.S.C. § 605) and The Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553).

The Communications Act of 1934 states:

> "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception…"

47 U.S.C. § 605.

The Cable & Television Consumer Protection and Competition Act of 1992 states:

> "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system,

unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

47 U.S.C. § 553.

The allegations in Plaintiff's complaint, once taken as true, establish the elements of liability required under 47 U.S.C. §§ 605 and 553. Having established liability, the Plaintiff must next establish damages.

## V. Proof of Damages

The Communications Act of 1934 caps statutory damages at $10,000 for each violation. 47 U.S.C. § 605(3)(C)(i)(II). However, if the Court finds that the violation was committed willfully, the Court may increase the award of damages by not more than $100,000. 47 U.S.C. § 605(3)(C)(ii). In addition to damages, The Communications Act provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(3)(B)(iii).

The Cable & Television Consumer Protection and Competition Act of 1992 caps statutory damages at $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). However, if the Court finds that the violation was committed willfully, the Court may increase the award of damages by not more than $50,000. 47 U.S.C. § 553 (c)(3)(B). In addition to damages, The Cable & Television Consumer Protection and Competition Act provides that the court may "direct the recovery of full costs, including awarding

reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553 (c)(2)(C).

District courts within the Sixth Circuit have held that when a defendant is liable under both 47 U.S.C. § 553 and 47 U.S.C. § 605, a plaintiff may recover under only one section. *See J & J Sports Productions, Inc. v. Palumbo*, No. 4:12-cv-2091, 2012 WL 6861507 at *3 (N.D. Ohio Dec. 12, 2012); *Joe Hand Promotions, Inc. v. RPM Management Co. LLC,* No. 2:11-cv-377, 2011 WL 5389425 at *2 (S.D. Ohio Nov. 7, 2011). Accordingly, in this case, Plaintiff elects to recover under 47 U.S.C. § 605. Dkt. No. 13, p. 11 (Pg. ID 58).

Pursuant to § 605, the "aggrieved party" may choose between actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff requests statutory damages. Dkt. No. 13, p. 11 (Pg. ID 58). As set forth in the statute, Plaintiff can recover statutory damages for each violation in the sum of not less than $1,000 or more than $10,000 as determined by the Court. 47 U.S.C. § 605(e)(3)(C)(i)(II). However, where the court finds that the violation was committed "willfully and for the purposes of direct or indirect commercial advantage or private financial gain" the court can increase the award by the amount of $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii).

The Plaintiff requests enhanced damages. In this case, willfulness and commercial advantage are easily shown. The Defendants displayed the fight at a

sports bar with multiple televisions. Dkt. No. 13-9, p. 4 (Pg. ID 102). Seven of the total ten televisions displayed the fight. *Id.* Additionally, the bar charged two dollars per person as a cover charge and advertised with a "Fight Night" banner located outside of the bar. *Id.* The advertising, cover charge, and multiple televisions demonstrates that broadcasting the fight was willful and for commercial gain.

In this case, the cost of the program would have been $4,200.00 if the Defendants had legally purchased the right to display it. The Court determines that a just reward requires doubling the amount of statutory damages, for a total of $8,400 – which includes both statutory and enhanced damages.

Additionally, Plaintiff requests $3,049.15 in attorney's fees and costs. In this case, Plaintiff's attorney has submitted an affidavit and invoice providing a billable rate of $245.00 per hour for a total of 10 billable hours and $599.15 in costs ($400 filing fee and $199.15 service and mailing fees). Plaintiff has submitted the economics of law practice in Michigan Report to support its contention that a $245.00 billable rate is reasonable. Dkt. No. 13-12. The Court finds that $245 is a reasonable rate, given the median billable rate for an attorney in private practice within Wayne County, Michigan ranged from $225 to $275 in 2013. *Id.*, p. 8 (Pg. ID 118). Accordingly, the Court finds that the requested attorney's fees and costs of $3,049.15 is reasonable.

## VI. Conclusion

For the foregoing reasons, the Court will **GRANT** the Plaintiff's Motion for Default Judgment, Dkt. No. 13. Defendants are jointly and severally liability to J&J Sports Productions in the total amount of $11,449.15, which includes $8,400 in statutory and enhanced damages and $3,049.15 in attorney's fees and costs.

**SO ORDERED**.

Dated: January 19, 2017  /s/Gershwin A Drain
Detroit, MI   HON. GERSHWIN A. DRAIN
   United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 19, 2017, by electronic and/or ordinary mail.

   /s/Tanya Bankston
   Case Manager, (313) 234-5213